# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22346-GAYLES

LILIA PEREZ,

        **Plaintiff,**

v.

SCOTTSDALE INSURANCE COMPANY,

        **Defendant.**

                                                              /

## ORDER

        **THIS CAUSE** comes before the Court on Plaintiff Lilia Perez's Motion to Remand (the "Motion"). [ECF No. 11]. The Court has considered the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

## BACKGROUND

        According to the allegations set forth in the Complaint and Notice of Removal, Plaintiff had an insurance policy with Defendant. Plaintiff paid premiums on the policy through September 2017, when the property sustained damages from Hurricane Irma. Plaintiff requested coverage from Defendant and retained a public adjuster to assist her in the process. Plaintiff's property was damaged again in December 2018. Plaintiff timely reported the loss. Defendant inspected the property on three occasions and corresponded with Plaintiff's adjuster about the damage to the property. Defendant ultimately denied coverage because the damage fell below Plaintiff's deductible. The parties subsequently engaged in pre-suit settlement negotiations, none of which were successful.

On January 7, 2019, Plaintiff filed a breach of insurance contract action against Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Complaint did not state an amount of damages. In the state court proceedings, Defendant twice filed discovery motions in an attempt to elicit the amount of damages Plaintiff claimed. Though the state court granted both, Plaintiff never provided a clear answer of the amount she sought.

On June 7, 2019, Defendant filed its Notice of Removal. [ECF No. 1]. The basis for removal was Plaintiff's adjuster's repair estimate of the property damages (the "Estimate"), which was first produced during a field adjuster's deposition on May 23, 2019 (the "Deposition"). The Estimate claimed that the necessary repairs would cost $169,471.94—an amount that Defendant claims moves this case within the Court's diversity jurisdiction. Plaintiff then filed her Motion, which is now ripe for review.

**LEGAL STANDARD**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). Diversity jurisdiction requires fully diverse citizenship of the parties and an amount in controversy over $75,000, "assessed at the time of removal." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009). A defendant seeking removal must timely file in federal court a notice of removal, which includes a "short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). If an action's initial pleadings provide the grounds for removal, the defendant's notice of removal must be filed within 30 days after the defendant's receipt of the initial pleading setting forth the claim. § 1446(b)(1). If the initial pleadings do not provide grounds for removal, the thirty-day removal clock begins ticking upon defendant's receipt of "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one

which is or has become removable." § 1446(b)(3). "The definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." *Wilson v. Target Corp.*, No. 10-80451, 2010 WL 3632794, at *2 (S.D. Fla. Sept. 14, 2010) (citing *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996)).

**DISCUSSION**

The parties do not dispute diversity of citizenship. *See* 28 U.S.C. § 1332. In support of remand, Plaintiff argues that Defendant has not met its burden to establish that the amount in controversy exceeds $75,000.00 and that Defendant's removal was untimely because Defendant was well aware of the extent of the damages before suit. The arguments are addressed in turn.

I. **The Public Adjuster's Estimate**

Plaintiff first argues that the Estimate does not create diversity jurisdiction because Defendant disputes that Plaintiff is owed damages in excess of $75,000.00. But it is Plaintiff's valuation of damages that generates the amount needed for diversity jurisdiction. *See Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 220 (11th Cir. 1997) (holding that the Eleventh Circuit follows the plaintiff-viewpoint rule to determine the amount in controversy). Defendant's dispute of Plaintiff's valuation then creates the controversy.

And, as this Court has repeatedly found, "[d]etailed public adjuster estimates that delineate corroborating evidence of the damages can provide a firm basis for removal." *Jeffrey P. Stern, et al., v. The First Liberty Ins. Corp.*, No. 19-CV-24876, 2020 WL 407152, at *5–6 (S.D. Fla. Jan. 24, 2020); *see, e.g.*, *Perez-Malo v. First Liberty Ins. Co.*, No. 17-cv-21180, 2017 WL 7731958, at *3–4 (S.D. Fla. June 8, 2017) ("The Court finds that the repair estimate is an honest assessment of damages by Plaintiff because it was prepared by Plaintiff's public adjuster and reflects specific information to support Plaintiff's claim for damages rather than 'puffing and posturing.'") (internal

3

quotations and citations omitted). "Corroborating evidence" typically includes extensive damage calculations in line-item form. *See Punales v. Hartford Ins. Co. of Midwest*, No. 18-cv-25445, 2019 WL 3369104, at *2–3 (S.D. Fla. July 26, 2019) (holding that 28-page detailed estimate provided during plaintiff's deposition established amount in controversy).

Here, the Estimate totaled $169,471.94—an amount significantly higher than the required $75,000.00 for diversity jurisdiction. The 53-page Estimate provided specific and detailed information about the property damages in line-item form. [ECF No. 1-3]. Accordingly, the Estimate would establish grounds for removal if Defendant had no notice prior to the Deposition that Plaintiff seeks damages exceeding $75,000.00. *Goldstein v. GFS Mkt. Realty Four, LLC & GFS Stores, LLC*, No. 16-cv-60956, 2016 WL 5215024, at *7 (S.D. Fla. Sept. 21, 2016) (removal is triggered when defendant "first ascertain[s]" that the amount in controversy for diversity jurisdiction is met).

## II. The Case was Timely Removed.

Plaintiff argues that Defendant should have removed the suit within thirty days of service because Defendant received notice prior to filing that Plaintiff would seek damages exceeding $75,000.00. The Court disagrees.

### a. Pre-Suit Conversations with Adjusters

Plaintiff argues that Defendant's pre-suit conversations with her adjusters about extensive damages to Plaintiff's home made Defendant "well aware" of the damages Plaintiff would seek in court. [ECF No. 11, at 4–5]. For support, Plaintiff relies solely on her field adjuster's vague and conclusory statements about those conversations in his Declaration (the "Declaration"). *See Rubiano-Pagel v. Target Corp.*, No. 11-80539-CIV, 2011 WL 13228576, at *2 (S.D. Fla. June 14, 2011) (finding that specific documentation outweighed conclusory allegations and "speculation"

about the amount in controversy). The Declaration does not, however, indicate that Defendant was informed of a specific sum that exceeded $75,000.00, nor does it reference specific communications containing a quantified sum that would conclusively establish that Defendant knew what Plaintiff sought prior to the Deposition. *MIR Convenience Store, Inc. v. Century Sur. Co.*, No. 14-60425-CIV, 2014 WL 2118878, at *2 (S.D. Fla. May 21, 2014) ("What matters, rather, is when Defendant could first have intelligently ascertained that this case was removable after receipt of Plaintiff's complaint."). And Defendant counters that it was unaware of the damages Plaintiff would seek in her lawsuit before receiving the Estimate. [ECF No. 15, at 2–3]. Indeed, Defendant highlights repeated attempts to ascertain the amount in controversy through motions practice during the state court proceedings. [*Id.*]. But Plaintiff never responded with the specific amount. [*Id.*]. Because Defendant's specific evidence outweighs Plaintiff's vague and conclusory allegations, Plaintiff has not established that her adjuster's pre-suit communications put Defendant on notice of Plaintiff's requested relief.

        **b.**        **Pre-Suit Settlement Discussions**

Next, Plaintiff argues that "efforts [were] made" to settle the case following the inspections, which should have put Defendant on notice of the damages she would seek before she filed her lawsuit. [ECF No. 11-1, ¶ 14]; *see also* [ECF No. 16, ¶¶ 2, 4]. But vague and conclusory references to pre-suit settlement discussions, devoid of specific details or documentation about those discussions, are not reliable indicators of Plaintiff's damages. *See Towers of Oceanview S. Condo. Ass'n, Inc. v. Great Am. Ins. Co. of New York*, No. 14-61329-CIV, 2014 WL 4376147, at *3 (S.D. Fla. Sept. 4, 2014) (holding that email stating that plaintiff's claim "appear[ed] to be in the range of $80,000" was an "invitation to enter into settlement talks," not a demand, because it lacked a factual basis for determining that amount). Indeed, pre-suit settlement discussions seldom provide

evidence sufficient for remand or removal, as they represent "nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages sought by the plaintiff." *Epstein v. Liberty Mut. Fire Ins. Co.*, No. 16-23803-CIV, 2017 WL 7731863, at *2 (S.D. Fla. Jan. 19, 2017) (quoting *Piazza v. Ambassador II JV,* No. 8:10-cv-1582, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)) (internal quotation marks omitted). The Court cannot find that Defendant had adequate pre-suit notice based on Plaintiff's conclusory reference to pre-suit settlement discussions.

Accordingly, Defendant has met its burden of establishing that the amount in controversy exceeds $75,000.00, and that Defendant's removal was timely.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [ECF No. 11] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of February, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE