UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22346-GAYLES

LILIA PEREZ,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

                /

## ORDER

**THIS CAUSE** comes before the Court on Defendant Scottsdale Insurance Company's Amended Motion to Dismiss Plaintiff's Complaint (the "Motion") [ECF No. 7]. The Court has considered the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is granted.

## BACKGROUND

According to the allegations set forth in the Complaint, Plaintiff Lilia Perez had an insurance policy (the "Policy") with Defendant that covered her residential property. [ECF No. 1-1, ¶ 8]. Plaintiff paid premiums on the Policy through September 2017, when the property sustained damages. [*Id.* ¶ 7]. Plaintiff requested coverage from Defendant. [*Id.* ¶ 9]. Defendant denied coverage under the terms of the Policy. [*Id.* ¶ 11].

On January 7, 2019, Plaintiff filed an eight-count Complaint against Defendant in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. [ECF No. 1-1]. Plaintiff claims that Defendant wrongfully denied coverage and that the Policy itself is illusory because the Policy's declarations page contains exceptions that remove almost all damage from coverage. [*Id.*

¶¶ 21, 25–27, 78, 86]. Plaintiff also claims that Defendant either negligently or intentionally failed to adequately explain the terms of the Policy to her when the Policy renewed. [*Id.* ¶¶ 78–80, 99]. After removal to this Court, Defendant filed this Motion, which is now ripe for review.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (alteration added) (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

## DISCUSSION

Defendant has moved to dismiss seven of the eight counts in Plaintiff's Complaint: Count II – Declaratory Relief, Count III – Breach of Section 624.155, Florida Statutes, Count IV –

Negligent Misrepresentation, Count V – Fraudulent Inducement, Count VI – Estoppel, Count VII – Fraud, and Count VIII – Petition for Mediation.

The Court finds instructive the reasoned analysis of Judge Scola in a virtually identical case involving the same parties in this district. *See Perez v. Scottsdale Ins. Co.*, No. 19-22761-CIV, 2019 WL 5457746 (S.D. Fla. Oct. 24, 2019) ("*Perez*"). Judge Scola held that (1) Plaintiff's declaratory judgment count is duplicative and an improper use of declaratory judgments; (2) the bad faith claim should be abated as it is premature; (3) the causes of action for negligent misrepresentation, fraudulent inducement, and fraud should be dismissed under the independent tort doctrine, and; (4) the claim for estoppel should be dismissed as estoppel is not a cause of action. As explained below, the Court finds no reason to depart from Judge Scola's order.

## I. Count II – Declaratory Judgment

Defendant moves to dismiss Plaintiff's request for a declaratory judgment to establish her rights under the Policy because this claim is duplicative of Plaintiff's breach of contract claim. "Declaratory judgment claims may properly coexist with breach of contract claims when they provide the plaintiff a form of relief unavailable under the breach of contract claim." *Bleau Fontaine Condo. Ass'n No. Three, Inc. v. Indian Harbor Ins. Co.*, No. 18-22995-CIV, 2019 WL 1932785, at *2–3 (S.D. Fla. Jan. 10, 2019) (citing *Kenneth F. Hackett & Assoc., Inc. v. GE Capital Info. Tech. Solutions, Inc.*, 744 F. Supp. 2d 1305, 1311 (S.D. Fla. 2010)). As before Judge Scola in *Perez*, Plaintiff "takes issue with the 'adjustment' provision in the contract and asks the Court to declare the Defendant's obligation to adjust all loss with Plaintiff." *Perez*, 2019 WL 5457746, at *5; [ECF No. 1-1, ¶¶ 55–61]. But this, as Defendant points out, goes no further than the breach of contract claim, which would establish the parties' rights and responsibilities regarding adjustment through its resolution. The Court therefore agrees with Judge Scola that ruling on the

declaratory judgment request would amount to "an advisory opinion as to the enforceability of a provision in the contract"—"an improper use of declaratory judgments." *Id.* at *5 (quoting *Trianon Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 741 F. Supp. 2d 1327, 1331 (S.D. Fla. 2010)). Accordingly, Count II shall be dismissed.

## II. Count III – Breach of Section 624.155, Florida Statutes

Defendant moves to dismiss Plaintiff's cause of action for bad faith under Florida Statute § 624.155. "Under Florida law, an insurer's liability under an insurance policy must first be established before an insured may assert a claim for bad faith [under Section 624.155]." *Laxman v. Safeco Ins. Co. of Illinois*, No. 2:14-CV-14413-RLR, 2015 WL 845582, at *2 (S.D. Fla. Feb. 25, 2015) (citing *Blanchard v. State Farm Mut. Auto. Ins. Co.,* 575 So. 2d 1289, 1291 (Fla. 1991)). "A premature bad faith claim may be either dismissed without prejudice or abated until the underlying action is resolved." *Perez*, 2019 WL 5457746, at *4 (citing *Laxman*, 2015 WL 845582, at *2).

Defendant agrees that Count III may be abated instead of dismissed. [ECF No. 10, at 5–6]. Accordingly, the Court shall abate this Count until liability is determined.

## III. Count IV – Negligent Misrepresentation, Count V – Fraudulent Inducement, and Count VII – Fraud

Defendant moves to dismiss Plaintiff's causes of action for negligent misrepresentation, fraudulent inducement, and fraud under the independent tort doctrine. The independent tort doctrine bars recovery in tort for actions that challenge a breach of contract "so as to prevent plaintiffs from recovering duplicative damages for the same wrongdoing." *Perez*, 2019 WL 5457746, at *3 (quoting *Kelly v. Lee Cnty. RV Sales Co.*, No. 18-cv-424, 2018 WL 3126750, at *2 (M.D. Fla. June 26, 2018)). To bring a tort claim concurrently with a contract claim, plaintiffs must plead a tortious action committed separate and apart from the breach of contract. *Azure, LLC*

*v. Figueras Seating U.S.A., Inc.*, No. 12-CV-23670-UU, 2013 WL 12093811, at *6 (S.D. Fla. July 18, 2013) (holding that fraud and misrepresentation claims could proceed where they were "attended by some additional conduct that [was] not alleged with respect to the breach of contract claim"). Notably, "[t]his rule 'applies to misrepresentations made during the performance of a contract but does not apply to misrepresentations made independently of the contract.'" *Perez*, 2019 WL 5457746, at *3 (quoting *Kelly*, 2018 WL 3126750, at *2). And in Florida, "for an alleged misrepresentation regarding a contract to be actionable, the damages stemming from that misrepresentation must be independent, separate and distinct from the damages sustained from the contract's breach." *Peebles v. Puig*, 223 So. 3d 1065, 1068 (Fla. 3d DCA 2017) (citing *Rolls v. Bliss & Nyitray, Inc.*, 408 So. 2d 229, 237 (Fla. 3d DCA 1981)).

Here, as in *Perez*, Plaintiff's negligent misrepresentation claim asserts that Plaintiff was harmed by Defendant's failure to explain the exclusions and exceptions to the Policy. [ECF No. 1-1, ¶¶ 78–79]. She identifies no misrepresentation made to induce her to buy the Policy, only that the terms in the declarations page were "illusory." [*Id.* ¶ 78]. Plaintiff alleges that Defendant's failure to explain the Policy meant that Plaintiff believed she had more coverage than was actually available. [*Id.* ¶ 78, 83]. As her damages, Plaintiff seeks the money she believes is owed to her under the Policy to fix her house. [*Id.* ¶ 84]; *see Peebles*, 223 So. 3d at 1068. At core, then, Plaintiff's claim of negligent misrepresentation mirrors her claim for breach of contract. Accordingly, as in *Perez*, Count III must be dismissed because "[u]nlike misrepresentations alleged in the inducement of the contract, the misrepresentations alleged here are in the performance of the contract and cannot be considered independent so as to constitute an exception to the rule." *Perez*, 2019 WL 5457746, at *3 (quoting *Kelly*, 2018 WL 3126750, at *2).

So too fail Plaintiff's claims for fraudulent inducement and fraud, both of which allege that the declarations page contained false and misleading statements. [ECF No. 1-1, ¶¶ 85, 96–97, 100]. As with Plaintiff's claim for negligent misrepresentation, Plaintiff identifies no independent action or damages outside of those relevant to the breach of contract nor any specific statement from Defendant that misled her (save for what is written in the Policy itself). Plaintiff's claims instead involve the Policy itself and are therefore "inextricably intertwined with the alleged breach of contract." *Perez*, 2019 WL 5457746, at *3 (quoting *Temurian v. Piccolo*, No. 18-cv-62737, 2019 WL 1763022 (S.D. Fla. April 22, 2019)). And because these claims sound in tort, they too are barred by the independent tort doctrine. *See Azure*, 2013 WL 12093811, at *6. Accordingly, Count IV – negligent misrepresentation, Count V – fraudulent inducement, and Count VII – fraud, shall be dismissed.

### IV. Count VI – Estoppel

Defendant moves to dismiss Plaintiff's claim for estoppel because estoppel is not a cause of action. Plaintiff did not respond to this argument. Accordingly, the Court shall dismiss Count VI because "[a] failure to address issues in response to a motion is grounds for finding that the claims have been abandoned." *Five for Entm't S.A. v. Rodriguez*, No. 11-cv-24142, 2013 WL 4433420, at *14 (S.D. Fla. Aug. 15, 2013); *see also Perez*, 2019 WL 5457746, at *5.

### V. Count VIII – Petition for Mediation

In the final Count of her Complaint, Plaintiff seeks a "Petition for Mediation." As Judge Scola cogently stated, "[t]his is not a recognized cause of action under federal or state law." *Perez*, 2019 WL 5457746, at *5. Even so, mediation has already occurred. [ECF Nos. 14, 32]. Count VIII shall therefore be dismissed as moot.

**CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Amended Motion to Dismiss Plaintiff's Complaint [ECF No. 7] is **GRANTED**. Counts II, IV, V, VI, VII, and VIII are **DISMISSED**. The Court shall **ABATE** Count III until liability is determined.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of February, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE